BENTON *v.* KENT & a.

A mortgagee purchasing an outstanding claim against the mortgagor, which is not a charge upon the mortgaged premises, cannot tack it to his mortgage as a part of the mortgage lien, and compel payment of it by the mortgagor, a subsequent purchaser or attaching creditor seek-ing to redeem.

CLARK, J. This is a bill in equity, alleging among other things that the defendants agreed to pay to the plaintiff the amount due upon his mortgage debt against James D. Colby, and that in con-sequence of such agreement he forebore to redeem the mortgaged premises from a prior mortgage made by Colby to the Coös County Savings Bank, which is now held by the defendants and has since been foreclosed by them. The defendants admit the agreement; and the only matter in dispute is as to the amount of the plain-tiff's mortgage debt which the defendants shall be required to pay.

The referee finds that the plaintiff's mortgage was given to secure two notes, one for the sum of $205 and the other for $400, signed by said Colby, and payable to the plaintiff; that the con-sideration for the notes was a previous indebtedness of $32, a loan of $100, and an accountable receipt for the payment of the differ-ence between the $132 and the face of the notes; that no money was furnished to Colby by the plaintiff afterwards, and, although the receipt was never surrendered to the plaintiff, Colby claims nothing on it; that the plaintiff now holds a note signed by Colby,

dated July 31, 1874, for $157.50, and made payable originally to one Rollins, or order, and that the plaintiff became the *bona fide* owner of the Rollins note soon after the date of the mortgage from Colby to him; that the plaintiff did not buy the Rollins note at Colby's request, but Colby knew he held it, and the plaintiff requested Colby to bring in his receipt and have the amount of the note endorsed as money received, which Colby never did. The plaintiff claimed at the hearing that the amount due on the Rollins note should be considered and allowed him as so much money paid by him to Colby on the accountable receipt, and as a part of the mortgage debt. Whether it should be so regarded is the controversy in this case.

The defendants are creditors of Colby, holding not only the prior mortgage to the Coös County Savings Bank, but having also various claims derived by attachments of the mortgaged premises, and sales of the equity of redemption, subject to the plaintiff's mortgage, and therefore they are entitled to redeem the plaintiff's mortgage upon payment of the claims actually secured by it. As the plaintiff has paid nothing upon the receipt, and Colby now makes no claim upon it, the plaintiff's actual indebtedness secured by the mortgage is $132 and interest from the date of the notes. The Rollins note is not a charge upon the mortgaged premises. It was not secured by the mortgage, and the plaintiff could not make it a payment on the receipt without the assent of Colby. A mortgagee cannot, by purchasing an outstanding claim against the mortgagor, tack it to his mortgage as a part of the mortgage lien, and compel payment of it by the mortgagor, a subsequent purchaser or attaching creditor seeking to redeem. Jones Mort., *ss.* 1080, 1081. The defendants are entitled to redeem the plaintiff's mortgage upon payment of the sum of $132 with interest from the date of the notes.

*Case Discharged.*

All concurred.

*Ray, Drew & Jordan, Benton & Hutchins,* and *Bingham & Aldrich,* for the plaintiff.

*W. & H. Heywood,* for the defendants.